ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LUIS DAVID FLORES ORTIZ<br><br>Recurrido<br><br>V.<br><br>MUNICIPIO DE SAN JUAN; ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS; ÓPTIMA SEGUROS; COMPAÑÍA DE SEGUROS X, Y, Z<br><br>Recurridos<br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY Y AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Peticionarios | TA2025CE00523 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV03935<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparecen Mapfre Praico Insurance Company (Mapfre) y la Autoridad de Acueductos y Alcantarillados (AAA) (en conjunto, peticionarios) y solicitan que revisemos una *Resolución y Orden* que el Tribunal de Primera Instancia (TPI) emitió y notificó el 29 de agosto de 2025.[1] En dicho dictamen, el Foro *a quo* denegó la solicitud de sentencia sumaria parcial de los peticionarios, en la que solicitaban la desestimación de la acción en su contra por la prescripción, al concluir que el señor Luis David Flores Ortiz (señor Flores Ortiz o recurrido) enmendó la *Demanda* para incluirlos como demandados después de que la Administración de Compensaciones por Accidentes

---

[1] Entrada Núm. 132 en el expediente del caso SJ2023CV03935 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

de Automóviles (ACAA) emitiera una *Resolución* el 12 de octubre de 2023 en la que concluyó que no intervendría y que es desde ese momento que comenzó a decursar el término prescriptivo para presentar la demanda

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari*.

## I.

Este caso se originó el 2 de mayo de 2023, cuando el señor Flores Ortiz presentó una *Demanda* por daños y perjuicios contra el Municipio de San Juan (Municipio), Óptima Seguros (Óptima) y otros demandados de nombres desconocidos, identificados como John Doe,[2] Jane Doe, Richard Roe y las Compañías de Seguros X, Y, Z.[3] En esta, alegó que el 15 de enero de 2020, su vehículo cayó en un hoyo en el Camino Los Romeros de la Avenida Montehiedra en San Juan, lo que le causó daños tanto a su persona como vehículo, por los cuales reclamó indemnización. Además, adujo que recibió tratamiento médico a través de la ACAA.

El 10 de octubre de 2023, el Municipio solicitó que el TPI ordenara al recurrido evidenciar el alta y/o la resolución final de la ACAA, ya que la causa de acción pudiera ser prematura de existir un

---

[2] Entre las alegaciones, se indica que tanto John Doe, Jane Doe, como Ricard Roe:
> [E]s una corporación o ente jurídico organizado y/o haciendo negocios bajo las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandada, y cuyo nombre se desconoce, [...] y es el verdadero propietario del lugar donde ocurre el accidente que da motivo a esta demanda y/o es quien tenía jurisdicción, control, manejo y deber de mantanimiento y/o es quien responde por todo acto u omisión en administración y/o de mantenimiento de los elementos comunes y/o responsable de brindar seguridad en el lugar donde ocurre el accidente que da motivo a esta demanda y/o es por ende principal y directamente responsable de cualquiera [de] los daños que estos hubiesen causado a la parte demandante.

Además, se indica que las Compañías de Seguro X, Y y Z:
> [E]s una corporación o ente jurídico organizado y/o haciendo negocios bajo las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandada, cuyo nombre se desconoce, y es o son, los o las compañías aseguradoras de uno, algunos y/o todos los aquí codemandados[,] por ende principal y directamente responsable de cualesquiera daños que hubiesen causado a la parte demandante.

[3] *Íd.*, Entrada Núm. 1 en SUMAC. El recurrido arguyó que el 23 de diciembre de 2020, presentó una *Demanda* por los mismos hechos, identificada con el número de caso SJ2020CV07102, lo que interrumpió el término prescriptivo. Señaló que el 5 de agosto de 2022, desistió voluntariamente de dicha acción, sin perjuicio.

caso pendiente ante el foro administrativo.[4] Ante ello, en igual fecha, el TPI emitió y notificó una *Orden* en la que le otorgó al señor Flores Ortiz diez (10) días para cumplir con lo señalado por el Municipio.[5]

El 16 de octubre de 2023, el recurrido anejó una *Resolución* que la ACAA emitió el 12 de octubre de 2023, en la que se informó:[6]

> El resultado del análisis y evaluación de la Oficina Regional de la ACAA concluyó que ninguna de las partes en este caso se encuentra entre las exclusiones enumeradas en el Artículo 6 de la Ley Núm. 111-2020, mejor conocida por *Ley de Protección Social por Accidentes de Vehículos de Motor* [9 LPRA sec. 3167], por lo que, en este caso la ACAA no intervendrá para ser indemnizada por los gastos incurridos en las víctimas del accidente.
>
> Debido a que el lesionado/reclamante de epígrafe cuenta con su propia representación legal y la ACAA ha determinado que no intervendrá en el caso que presentará ante el Tribunal de Primera Instancia, Sala de San Juan, la Administración dicta Resolución autorizando al lesionado/reclamante a entablar demanda y/o transigir su causa de acción que tuviera contra cualquier tercero responsable de los daños que haya sufrido.
>
> Se dicta *Resolución* de conformidad. Esta *Resolución* será final y firme desde su notificación.[7]

Eventualmente, el 15 de abril de 2024, el señor Flores Ortiz alegó que recientemente descubrió que la AAA era responsable del hoyo que provocó el incidente, a quien había identificado en la *Demanda* como John Doe, y a su aseguradora, Mapfre, como Compañía de Seguros X.[8] En consecuencia, solicitó enmendar la *Demanda* para incluir a ambas como partes demandadas. Ese mismo día, el TPI autorizó la enmienda.[9]

Tiempo después, el 29 de mayo de 2025, la AAA y Mapfre presentaron una *Moción de Sentencia Sumaria Parcial por el Fundamento de la Prescripción*.[10] En síntesis, manifestaron que la causa de acción en su contra había prescrito. Sostuvieron que el señor Flores Ortiz, pese a su formación académica en justicia criminal y experiencia profesional en investigación y servicio en la

---

[4] *Íd.*, Entrada Núm. 12 en SUMAC.
[5] *Íd.*, Entrada Núm. 14 en SUMAC.
[6] *Íd.*, Entrada Núm. 16 en SUMAC.
[7] Véase Anejo Entrada Núm. 16 en SUMAC.
[8] *Íd.*, Entrada Núm. 67 en SUMAC.
[9] *Íd.*, Entrada Núm. 68 en SUMAC. Notificada el 15 de abril de 2024.
[10] *Íd.*, Entrada Núm. 109 en SUMAC.

Policía de Puerto Rico, no fue diligente en identificar a los posibles responsables del daño, aun cuando observó vehículos, equipos y personal realizando reparaciones en el lugar del accidente pocos días después de ocurrir. Cuestionaron que, dado que el Municipio, el Estado Libre Asociado de Puerto Rico (ELA) y el Departamento de Transportación y Obras Públicas (DTOP) negaron su responsabilidad, el recurrido debió investigar oportunamente quién era el verdadero causante. Por ello, expresaron que no procedía la aplicación de la teoría cognoscitiva del daño que permitía enmendar la *Demanda* al conocer sobre la responsabilidad de un presunto cocausante.

Asimismo, los peticionarios expresaron que el 15 de abril de 2024, cuatro (4) años después de ocurrir el accidente y de la reparación del hoyo, el señor Flores Ortiz solicitó enmendar la *Demanda* para identificar a la AAA como John Doe y a Mapfre como la Compañía Aseguradora. Según los peticionarios, toda vez que el recurrido expresó que recientemente advino en conocimiento de quién estuvo a cargo del hoyo, ello evidenciaba que desconocía tanto el nombre como la identidad de los presuntos responsables tanto al presentar la primera *Demanda* —SJ2020CV07102— como la actual. Puntualizaron que los demandados con nombres desconocidos son aquellos cuya identidad se conoce, pero no su nombre verdadero. Empero, al alegar que el recurrido desconocía su identidad y su nombre, precisaron que no se interrumpió el término prescriptivo para accionar contra ellos por no aplicar la regla de los demandados con nombres desconocidos.

Además, indicaron que el señor Flores Ortiz no diligenció los emplazamientos, ya sea personalmente o por edicto, dentro del término de ciento veinte (120) días, tanto en la primera *Demanda* como en la actual, lo que impedía al Foro primario extender el término, por lo que únicamente estaba facultado para desestimar las acciones.

Posteriormente, el 3 de julio de 2025, el señor Flores Ortiz presentó una *Oposición a Solicitud de Sentencia Sumaria.*[11] En esta, señaló que los asuntos que estaban en controversia eran: (1) la relevancia y el efecto de la primera *Demanda* con la actual y si la misma fue desistida por ser prematura; (2) la fecha de inicio del término prescriptivo para presentar la *Demanda* actual, y (3) la aplicabilidad de la doctrina de la teoría cognoscitiva del daño.

El recurrido sostuvo que el término prescriptivo de un (1) año para presentar la *Demanda* por daños y perjuicios comenzó a decursar el 13 de octubre de 2023, conforme a la *Ley de Protección Social por Accidentes de Vehículos de Motor, supra,* puesto que debía esperar a que la ACAA emitiera una resolución final y firme antes de presentar su acción judicial; de lo contrario, la misma habría sido prematura y los tribunales venían obligados a desestimar la acción. Indicó que, a tenor con el Artículo 7 de la *Ley de Protección Social por Accidentes de Vehículos de Motor, supra,* sec. 3167, una persona lesionada puede reclamar contra un tercero, dentro del año siguiente a advenir firme la resolución administrativa. Así, subrayó que el término prescriptivo para iniciar su causa de acción comenzó a decursar el 13 de octubre de 2023, fecha en que la ACAA emitió su Resolución. Ante ello, adujo que al enmendar la *Demanda* el 15 de abril de 2024 para incluir a los peticionarios —con base en la información obtenida en el descubrimiento de prueba—, actuó dentro del término, por lo que su acción no estaba prescrita.

El 16 de julio de 2025, los peticionarios presentaron una *Réplica a Oposición a Solicitud de Sentencia Sumaria.*[12] Entre otros, alegaron que el señor Flores Ortiz no realizó diligencia alguna para investigar bajo qué jurisdicción se encontraba el lugar del incidente hasta que Óptima lo señaló como defensa. Por ello, afirmaron que el

---

[11] *Íd.,* Entrada Núm. 115 en SUMAC.
[12] *Íd.,* Entrada Núm. 119 en SUMAC.

recurrido perdió su derecho a reclamarles. Además, arguyeron que la *Resolución* de la ACAA, fechada el 12 de octubre de 2023, solamente expresaba la renuncia a intervenir para recobrar gastos, pero no establecía la fecha en que los servicios o beneficios concluyeron y se dio de alta al recurrido, a partir del cual comenzaría a transcurrir el plazo de treinta (30) días para advenir final y firme.

Más adelante, el 28 de julio de 2025, el señor Flores Ortiz presentó una *Dúplica a Réplica a Oposición a Solicitud de Sentencia Sumaria*.[13] En esta, reiteró que la *Ley de Protección Social por Accidentes de Vehículos de Motor, supra*, prohibía presentar demandas antes de haber transcurrido los noventa (90) días desde que la resolución administrativa adviniera final y firme. Apuntó que durante el proceso judicial fue que descubrió que la AAA podía ser cocausante del daño, por lo que la incluyó mediante enmienda. En cuanto a la contención de falta de diligencia, afirmó que, aunque observó personal trabajando en el área tras el accidente, se trataba de una compañía privada, no de la AAA, por lo que no pudo reconocer su responsabilidad hasta el descubrimiento de prueba.

Así las cosas, el 29 de agosto de 2025, el TPI emitió y notificó una *Resolución y Orden* mediante la cual declaró No Ha Lugar la solicitud de sentencia sumaria parcial presentada por la AAA y Mapfre y ordenó la continuación de los procedimientos.[14] El Foro primario tuvo por incontrovertidos los siguientes hechos materiales:

1. El 23 de diciembre de 2020, la parte inició su primera acción judicial para reclamar que se le compense por los daños y perjuicios que alega haber sufrido como resultado de un accidente de automóvil ocurrido el 15 de enero de 2020, asignándosele a dicho caso el número SJ2020CV07102.
2. En el caso civil número SJ2020CV07102[,] fueron incluidos, como partes demandadas, el Municipio, el Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico (ELA-DTOP), Óptima Seguros, "John Doe", "Jane Doe", "Richard Roe", Compañía de Seguros X, Compañía de Seguros Y y Compañía de Seguros Z.

---

[13] *Íd.*, Entrada Núm. 121 en SUMAC.
[14] *Íd.*, Entrada Núm. 132 en SUMAC.

3. La parte demandante alegó, en su primera demanda, que el Municipio, el ELA-DTOP, "John Doe", "Jane Doe" y "Richard Roe" eran corporaciones o entes jurídicos organizados y/o haciendo negocios bajo las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandadas, y cuyos nombres se desconocía, eran los verdaderos propietarios del lugar donde ocurre el accidente que motivó su demanda y/o eran quienes tenían "jurisdicción, control, manejo y deber de mantenimiento" y/o quienes responden "por todo acto u omisión en administración y/o de mantenimiento de los elementos comunes y/o responsable de brindar seguridad en el lugar donde ocurre el accidente que da motivo a esta demanda y/o es por ende principal y directamente responsable de cualquiera [de] los daños que estos hubiesen causado a la parte demandante".

4. El 23 de febrero de 2021, el ELA-DTOP solicitó del Tribunal que la acción iniciada en su contra fuera desestimada por no estar la "Avenida Montehiedra, intersección Camino Los Romeros del Municipio de San Juan ... bajo [su] jurisdicción, control o deber de mantenimiento".

5. En el caso civil número SJ2020CV07102, el Tribunal desestimó la acción iniciada en contra del ELA-DTOP, sin perjuicio y a solicitud de la parte demandante, mediante su sentencia parcial del 24 de febrero de 2021.

6. El Municipio y su aseguradora, Óptima Seguros, presentaron su contestación a la demanda, en el caso civil número SJ2020CV07102, el 3 de marzo de 2021, negando mediante la misma la responsabilidad que se les imputa y alegando afirmativamente que "[l]as condiciones que se alega ocasionaron el accidente objeto de la Demanda, de existir, no fueron creadas por el asegurado de [Ó]ptima Seguros, antes QBE Seguros y sí por terceras personas ajenas a la Parte Demandada".

7. El 2 de agosto de 2021, el Municipio y su aseguradora tomaron la deposición del demandante, Luis D. Flores Ortiz.

8. El demandante, Luis D. Flores Ortiz, es un exagente y Teniente de la Policía de Puerto Rico y también fue jefe de seguridad de un restaurante.

9. El 5 de agosto de 2022, la parte demandante notificó al Tribunal su desistimiento, sin perjuicio, de su primera acción judicial [...] y la misma fue desestimada, sin perjuicio, en esa misma fecha.

10. La acción de marras se presentó el 2 de mayo de 2023. En esta no se incluyó como demandada a la AAA. No fue hasta el 15 de abril de 2024 que el aquí demandante enmendó la demanda para traer como demandado a la AAA.

11. A tenor con la Ley [Núm.] 111-2020, artículo 7.A.4, 9 LPRA sec. 3167 (c), la ACAA en el caso núm. 10-284052-01 relacionado al aquí demandante, emitió una Resolución el 12 de octubre de 2023 en la cual expone que no intervendrá en el caso de marras, por lo que "...la Administración dicta Resolución autorizando al lesionado/reclamante a entablar demanda y/o transigir su causa de acción que tuviere contra cualquier tercero responsable de los daños que haya sufrido. [...]

12. Durante el transcurso de este caso en el descubrimiento de prueba, tanto la codemandada [Ó]ptima como el demandante tomaron una deposición y requerimiento de documentos a la AAA. El demandante y [Ó]ptima advinieron en conocimiento el 20 de marzo de 2024, que la AAA había reparado una franja de terreno en la carretera en controversia.

El TPI concluyó que la reclamación contra la AAA y Mapfre no estaba prescrita. Sostuvo que la ACAA emitió y notificó una *Resolución* el 12 de octubre de 2023, en la que manifestó que no intervendría en una acción judicial y autorizó al lesionado a presentar una demanda o transigir su causa de acción contra cualquier tercero responsable de los daños. Además, indicó que dicho documento disponía que sería final y firme desde su notificación. Por ello, estableció que el señor Flores Ortiz no podía presentar una reclamación judicial previo a esa fecha, ya que la misma sería prematura. En consecuencia, determinó que el término prescriptivo de un (1) año comenzó a decursar a partir de la notificación de la referida *Resolución* de ACAA, por lo que la enmienda de la demanda fue oportuna. Así, el Foro recurrido resolvió que resultaba académico discutir el planteamiento de prescripción basado en la teoría cognoscitiva del daño.

Inconformes, el 28 de septiembre de 2025, la AAA y Mapfre presentaron un recurso de *certiorari* ante esta Curia apelativa y señaló que el TPI incidió en los siguientes errores:

PRIMER ERROR: ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA PARCIAL PRESENTADA POR LA AAA Y MAPFRE POR CONSIDERAR QUE LA PRESENTE ACCIÓN NO ESTÁ PRESCRITA, DEBIDO A QUE EL TÉRMINO PRESCRIPTIVO COMENZÓ A CONTARSE DESDE EL 12 DE OCTUBRE DE 2023, FECHA EN QUE EL DIRECTOR DE ASUNTOS LEGALES DE LA ACAA, REGIÓN DE SAN JUAN, EMITIÓ SU RESOLUCIÓN INDICANDO QUE ESA CORPORACIÓN PÚBLICA NO INTERVENDRÍA EN LA ACCIÓN JUDICIAL INICIADA POR EL RECURRIDO.

SEGUNDO ERROR: ERRÓ EL TPI AL NO DETERMINAR QUE EN EL PRESENTE CASO NO SON APLICABLES LA TEORÍA COGNOSCITIVA DEL DAÑO NI LAS DISPOSICIONES DE LA REGLA 15.4 DE PROCEDIMIENTO CIVIL Y QUE EL TÉRMINO PRESCRIPTIVO DE LA ACCIÓN EN DAÑOS Y PERJUICIOS EN CONTRA DE LAS PETICIONARIAS VENCIÓ EN O ANTES DEL 1 DE SEPTIEMBRE DE 2021; POR LO QUE DICHA ACCIÓN ESTÁ PRESCRITA.

En esencia, los peticionarios sostuvieron que el 2 de mayo de 2023, el señor Flores Ortiz entabló la *Demanda* objeto de este recurso contra el ELA, DTOP, Municipio, Óptima y varios demandados con nombres desconocidos que estos tenían jurisdicción, control, manejo

y deber de mantenimiento del lugar. Sin embargo, señalaron que el recurrido no emplazó a los demandados con nombres desconocidos dentro del término de ciento veinte (120) días, en contra de las Reglas 4.3 (c), 4.6 (c) y 15.4 de Procedimiento Civil, 32 LPRA Ap. V. Alegaron que, al admitir que desconocía sobre la responsabilidad de la AAA, el recurrido no podía ampararse en el uso de nombres ficticios.

Además, los peticionarios argumentaron que no procedía la aplicación de la teoría cognoscitiva del daño, pues el señor Flores Ortiz no fue diligente en investigar quién causó la condición peligrosa y lo descubrió tras las gestiones de Óptima, perdiendo así su derecho a reclamar. Añadieron que el término prescriptivo comenzó cuando la ACAA emitió su *Resolución*, pero cuestionaron que dicho dictamen no especificó cuándo se dio de alta al lesionado, momento desde el cual, a su juicio, debía contarse el término.

Por su parte, el 10 de octubre de 2025, el señor Flores Ortiz presentó su *Oposición a Petición de Certiorari*. En su escrito, indicó que la *Ley de Protección Social por Accidentes de Vehículos de Motor, supra*, sec. 3167, era clara en prohibir la presentación de cualquier causa de acción judicial, hasta pasado el término de noventa (90) días desde que dicha agencia emitiera su resolución final. Alegó que solo durante el trámite del pleito iniciado el 2 de mayo de 2023, advirtió que la AAA y Mapfre podían ser cocausantes del daño, por lo que, oportunamente, los incluyó como codemandados el 15 de abril de 2024. Alternativamente, adujo que aplicaba la doctrina de la teoría cognoscitiva del daño, ya que no debía conocer de antemano que la AAA podía ser responsable, ya que quienes realizaron trabajos en el área eran empleados de una compañía privada, no la AAA.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro

inferior. *Rivera et al., v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra; Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Así, sólo procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir. Su propósito era evitar la dilación que implicaría la revisión inmediata de controversias que pueden atenderse en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 40, establece los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*. A saber, este Tribunal debe evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*, pág. 405.

### B. Parte demandada de nombre desconocido

La Regla 15.4 de Procedimiento Civil, *supra*, R. 15.4, rige lo concerniente a la figura de la parte demandada de nombre desconocido, disponiendo lo siguiente:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

Esta regla se refiere a los casos en que se conoce la identidad de la persona que será demandada, pero no su nombre, por lo que se le asigna un nombre ficticio. J. A. Echevarría Vargas, _Procedimiento Civil Puertorriqueño_, 3ra ed., Colombia, Editorial Nomos, S.A., 2023, pág. 183; *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 416-417 (2000). Ahora bien, la Regla 15.4 de Procedimiento Civil, *supra*, R. 15.4, no aplica respecto a los demandados desconocidos, sino únicamente a aquellos cuya existencia se conoce, pero cuyo nombre se ignora. *Íd.* Su efecto es que interrumpe el término prescriptivo contra la persona

demandada de nombre desconocido. *Íd.;* R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, págs. 163-164. De esta manera, el tribunal le da la oportunidad a la parte demandante usar los mecanismos de descubrimiento de prueba para obtener los nombres verdaderos y las direcciones del demandado cuyo nombre se desconoce. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones JTS, 2011, T. II, pág. 688.

Una vez se conozca el nombre real de la persona demandada, el demandante tiene la responsabilidad de enmendar la alegación para exponer su verdadero nombre y emplazarla. *Íd.*; *Ortiz Díaz v. R&R Motors Sales Corp.*, 131 DPR 829 (1992); *Núñez González v. Jiménez Miranda*, 122 DPR 134 (1988); *Ortiz v. Gobierno Municipal de Ponce*, 94 DPR 472 (1967). La enmienda así presentada surte efecto retroactivo al momento que se interpuso la demanda original. *Íd.*

Conforme a la Regla 13.1 de Procedimiento Civil, *supra*, R. 13.1, una vez se notifica una alegación responsiva, la demanda sólo puede enmendarse con permiso del tribunal o con el consentimiento por escrito de la parte contraria. *Ortiz Díaz v. R&R Motors Sales Corp.*, *supra*, pág. 836. Dicho permiso debe concederse liberalmente, incluso en etapas avanzadas del proceso. *Íd.*, págs. 836-837. No obstante, dicha liberalidad está sujeta a la discreción judicial, la cual debe considerar el momento en que se solicita la enmienda, su impacto en la pronta adjudicación del caso, las razones de la demora y el posible perjuicio a la parte contraria. *Íd.*, pág. 837 *citando a Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975). Asimismo, la Regla 13.3 de Procedimiento Civil, *supra*, R. 13.3, dispone que la enmienda relacionada con los hechos originalmente alegados se retrotrae a la fecha de tal alegación. *Íd.* Ello implica que si la demanda original se presentó dentro del término prescriptivo, la enmienda también se considera oportuna. *Íd.* En ese contexto, la enmienda para

sustituir el nombre ficticio por su verdadero nombre se retrotrae al momento de la presentación de la demanda original, siempre que la reclamación se relacione con los hechos alegados. *Íd.*, págs. 837-838.

De otra parte, al incluir una persona demandada de nombre desconocido, el demandante debe realizar diligencias razonables para identificarla y enmendar la demanda dentro de los ciento veinte (120) días establecidos para emplazarla. J. A. Echevarría Vargas, *op. cit.*, pág. 184. Como excepción, el tribunal puede conceder una prórroga, siempre que se demuestre la existencia de justa causa. *Íd.*

### C. Prescripción

La prescripción es una figura que se rige por el Código Civil que aplica como cuestión de derecho con el mero paso del tiempo. *COSSEC et al. v. González López et al.*, 179 DPR 793, 805-806 (2010). El propósito de la prescripción extintiva es castigar la inercia, estimular el ejercicio rápido de las acciones y fomentar la estabilidad jurídica y la seguridad en el tráfico jurídico. *Íd.*, pág. 806. No obstante, el término prescriptivo se interrumpe por su ejercicio ante los tribunales, por una reclamación extrajudicial o por cualquier acto de reconocimiento de una deuda por parte del deudor. Artículo 1197 del Código Civil, 31 LPRA sec. 9489.

Como parte de la doctrina de prescripción extintiva, se ha reconocido la teoría cognoscitiva del daño, la cual se considera una excepción a la norma de que un término prescriptivo transcurre desde que objetivamente ocurre el daño. *COSSEC et al. v. González López et al., supra*, pág. 806. Esta teoría establece que el término prescriptivo no comienza a decursar cuando ocurrió el daño, sino desde que la persona perjudicada conoció o pudo conocer el daño, quién lo causó y los elementos necesarios para ejercitar efectivamente su causa de acción. *Íd.*; *Santiago v. Ríos Alonso*, 156 DPR 181, 189 (2002). Sin embargo, cuando el desconocimiento proviene por la falta

de diligencia, no procede la aplicación de esta excepción. *COSSEC et al. v. González López et al., supra.*

### D. Acción de Subrogación de la ACAA

La Asamblea Legislativa reconoció a la ACAA el derecho de subrogación, otorgándole el primer turno para presentar una acción contra el tercer responsable del daño a fin de recobrar los gastos por los servicios prestados a la persona lesionada.[15] *Díaz Hernández y otros v. Mapfre y otros*, 213 DPR 961 (2024). De esta manera, el Artículo 7 (A)(1)(4) de la *Ley de Protección Social por Accidentes de Vehículos de Motor, supra*, sec. 3167, dispone lo siguiente:

> 4. Acción de subrogación.
> La Administración tendrá la facultad de subrogarse los derechos que tuviera un lesionado o sus beneficiarios de presentar una reclamación judicial por daños y perjuicios contra terceros en los casos en que la Administración, de acuerdo con los términos de esta Ley, estuviere obligado de compensar a estos en cualquier forma.
> En los casos en que la lesión, enfermedad, incapacidad o muerte que dan derecho de compensación al lesionado o sus beneficiarios, de acuerdo con esta Ley, le hubiere provenido bajo circunstancias que hicieren responsables a terceros de tal lesión, enfermedad o muerte, **el lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad, incapacidad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por la Administración**, que podrá subrogarse en los derechos del lesionado o sus beneficiarios para entablar la misma acción en la siguiente forma:
>
> > a. Cuando un lesionado, o sus beneficiarios en casos de muerte, tuvieren derecho a entablar acción por daños contra terceros, en los casos en que la Administración, de acuerdo con los términos de esta Ley, estuviere obligado a compensar en alguna forma o a proporcionar tratamiento, la Administración se subrogará en los derechos del lesionada o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del lesionado o de sus beneficiarios, dentro de los noventa (90) días siguientes a la fecha en que la decisión fuere firme y ejecutoria, y cualquier cantidad que como resultado de la acción, o a virtud de transacción judicial o extrajudicial se obtuviere en exceso de los gastos incurridos en el caso, se entregará al lesionado o a sus beneficiarios con derecho a la misma. El lesionado o sus beneficiarios serán parte en todo procedimiento que estableciere la Administración bajo las disposiciones de esta Ley, y será obligación de la Administración notificar por escrito al lesionado o sus beneficiarios de tal procedimiento dentro de los cinco (5) días laborables de iniciada la acción.

---

[15] "[E]n el contorno de la ACAA, el tercer responsable es la persona que provocó el accidente vehicular donde el lesionado sufrió los daños por los cuales la ACAA le brindó servicios". *Díaz Hernández y otros v. Mapfre y otros*, supra, pág. 977.

b. Si la Administración dejare de entablar demanda contra la tercera persona responsable, según se ha expresado en el párrafo anterior, el lesionado o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio, sin que vengan obligados a resarcir a la Administración por los gastos incurridos en el caso.

**c. El lesionado ni sus beneficiarios podrán entablar demanda ni transigir ninguna causa de acción que tuvieren contra el tercero responsable de los daños, hasta después de transcurridos noventa (90) días a partir de la fecha en que la resolución de la Administración fuere firme y ejecutoria. [...]** (Énfasis nuestro).

A tenor con lo anterior, la persona lesionada no puede instar una causa de acción en contra del tercero responsable antes de que transcurra el término de noventa (90) días reservado para el ejercicio de subrogación, tal demanda no se considera nula, sino anulable. *Díaz Hernández y otros v. Mapfre y otros, supra*. Esto significa que la presentación prematura no invalida automáticamente la acción judicial. *Íd.* Solamente cuando la ACAA solicite la anulación mediante la presentación de dicha petición y de su acción de subrogación, el tribunal de instancia procederá a desestimar la demanda sin perjuicio. *Íd.* Por razones de economía procesal, los tribunales no deben desestimar una demanda inmediatamente, sino paralizar el procedimiento hasta que transcurra el plazo de noventa (90) días. *Íd.*

### III.

En el presente caso, la AAA y Mapfre sostienen que el TPI erró al denegar su solicitud de sentencia sumaria parcial porque, a su juicio, la reclamación estaba prescrita. Además, arguyeron que no procedía aplicar la teoría cognoscitiva del daño ni la Regla 15.4 de Procedimiento Civil, *supra*, R. 15.4, puesto que el señor Flores Ortiz desconocía sus identidades y nombres como presuntos cocausantes del daño.

Tras un análisis sosegado de la totalidad del expediente ante nuestra consideración, a tenor con los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40 y la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, determinamos

abstenernos de ejercer nuestra función revisora sobre los asuntos señalados por los peticionarios. De los autos, no se desprende un fracaso de la justicia ni un error manifiesto en la apreciación del derecho y de la prueba, ni un abuso de discreción que justifique nuestra intervención en este caso.

El TPI no erró al concluir que la acción no estaba prescrita. La *Ley de Protección Social por Accidentes de Vehículos de Motor, supra,* le otorga a la ACAA un turno preferente para subrogarse en los derechos del demandante, quien no podía demandar a terceros hasta transcurridos los noventa (90) días desde que la *Resolución* administrativa adviniera final y firme. De igual forma, el propio Artículo 7(A)(4) de la referida disposición estatutaria, *supra,* sec. 3167(c), dispone expresamente que la persona lesionada puede reclamar y obtener daños y perjuicios del tercero responsable dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por la ACAA.

Así las cosas, el 12 de octubre de 2023, la ACAA emitió su *Resolución* en la que autorizó al señor Flores Ortiz entablar una demanda o transigir su causa de acción contra terceros. Asimismo, la agencia dispuso que dicho dictamen sería final y firme desde su notificación, la cual tuvo lugar en igual fecha. Por consiguiente, el término prescriptivo que el recurrido tenía para presentar una acción en daños y perjuicios contra el tercero responsable del daño se extendió hasta el 12 de octubre de 2024, a tenor con el Artículo 7(A)(4) de la *Ley de Protección Social por Accidentes de Vehículos de Motor, supra, supra,* sec. 3167(c). En ese contexto, la enmienda presentada el 15 de abril de 2024 para añadir a la AAA y a Mapfre se realizó dentro del término que el recurrido tenía disponible para presentar su causa de acción, sin necesidad de que se desestimase la demanda original. En vista de lo anterior, toda vez que la *Demanda* se presentó dentro del término hábil para ello, resulta innecesario expresarnos

sobre la argumentación respecto a la teoría cognoscitiva del daño y sus consecuencias para el caso que nos ocupa.

Por los fundamentos expuestos, procede denegar la expedición del auto de *certiorari* y permitir que el pleito continúe su curso ante el Foro recurrido.

### IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Hernández Sánchez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| LUIS DAVID FLORES ORTIZ<br><br>Recurrido<br><br>V.<br><br>MUNICIPIO DE SAN JUAN; ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS; OPTIMA SEGUROS; COMPAÑÍA DE SEGUROS Y, Z<br><br>Recurridos<br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY Y AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Peticionarios | TA2025CE00523 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br><br>SJ2023CV03935<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**VOTO DISIDENTE DEL JUEZ HERNÁNDEZ SÁNCHEZ**

Disiento respetuosamente de la determinación mayoritaria de este Panel de denegar la Resolución emitida, ya que la misma discute y entra en los méritos de la controversia ante nuestra consideración. Conforme a lo antes expuesto, procede que se expida el auto de Certiorari incoado y se confirme el dictamen del foro primario.

En San Juan, Puerto Rico, a *30* de octubre de 2025.

**JUAN R. HERNÁNDEZ SÁNCHEZ**
**Juez de Apelaciones**

